UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDSEY KORTS,

    Plaintiff,

v.                                        Case No. 8:09-cv-2122-T-23TGW

JOHNNY M. LITTLETON, et al.,

    Defendants.
_____/

## **O R D E R**

The plaintiff sues Jay, Inc., ("Jay"), Johnny M. Littleton, and Mach Tran. The plaintiff sues Littleton and Tran for conspiracy "to deprive [the plaintiff] of equal protection of the laws" in violation of 42 U.S.C. § 1985(3) (Count I) and sues Jay breach of contract (Counts II through IV). The defendants move (Docs. 8, 10, 11, and 13) to dismiss the complaint, and the plaintiff responds (Docs. 14 and 15) in opposition.

### Factual Background

A citizen of Florida, the plaintiff owns the "Benini Salon." To operate the salon, the plaintiff leased commercial space in St. Petersburg, Florida, from the defendant Jay, a Florida corporation owned by the defendant Littleton. Under the lease, the plaintiff paid $1,815.00 per month for rent. According to the plaintiff, "[s]hortly after moving in[,] Defendant Jay, Inc., demanded more money from the Plaintiff. Plaintiff . . . objected. However, she was forced to pay the higher amount for all three years of the Lease, which also included extra common area maintenance charges." (Doc. 1, ¶ 15) The

lease includes a clause allowing the plaintiff to renew the lease by notifying Jay ninety days before expiration of the lease. The option states, "Renewal rent for the renewal term shall be . . . Base rent-$1600." (Doc. 1 at 8)

In June, 2008, the plaintiff timely notified Jay that the plaintiff planned to exercise the option. Jay declined to extend the lease. In July, 2008, Littleton met with the plaintiff and offered to extend the lease at a new rate of $2,400.00 per month. The plaintiff again requested to renew the lease under the terms of the option, but Jay refused. As a result, the plaintiff vacated the premises.

Jay subsequently leased the premises to the defendant Mach Tran, a male who operates a hair salon. The plaintiff alleges that Tran pays less rent than the plaintiff paid under the plaintiff's original lease. After moving in, Tran allegedly began soliciting the plaintiff's customers, and many of the plaintiff's customers now patronize Tran's salon. "On several occasions, Defendant Littleton stated that he believed that women should not be entrepreneurs." (Doc. 1, ¶ 25) The plaintiff "feels that Defendants conspired to deprive Plaintiff of her Lease and her Salon." (Doc. 1, ¶ 26)

## Discussion

Count I asserts a conspiracy under 42 U.S.C. § 1985(3). "The elements of a cause of action under Section 1985(3) are: (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."

Trawinski v. United Techs., 313 F.3d 1295, 1299 (11th Cir. 2002) (citation and internal quotation marks omitted).  Section 1985(3)'s second element, that is, "the language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).  Additionally, to be actionable under Section 1985(3), a conspiracy among private persons "requires an intent to deprive persons of a right guaranteed against private impairment," Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 274 (1993), and the protected right must be consciously targeted rather than merely incidentally affected, Bray, 506 U.S. at 275-76.

"Section 1985(3) . . . creates no rights.  It is a purely remedial statute, providing a civil cause of action when some otherwise defined federal right—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy in the manner defined by the section." Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 376 (1979) (holding that a "deprivation of a right created by Title VII [of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.] cannot be the basis for a cause of action under § 1985(3)");[1] see also Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 527 (2d Cir. 1996) (holding that "a violation of the [Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ] . . . cannot be the basis for a claim under § 1985(3).").  In the context of an action against private

---

[1] See also Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 372 (1979) ("Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates.").

- 3 -

conspirators under § 1985(3), the Supreme Court recognizes only two rights protected against private impairment: the right to be free from involuntary servitude and the right to interstate travel. See Bray, 506 U.S. at 278.

In short, the plaintiff cannot premise a private conspiracy claim under Section 1985(3) on an intent to deprive the plaintiff of rights protected by the Fourteenth Amendment, which rights are not guaranteed against private impairment. See United Broth. of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 831 (1983). Because the plaintiff presents no other basis for her Section 1985(3) claim, Count I is **DISMISSED**.

### Conclusion

The defendants Jay and Littleton's motion (Doc. 11) to dismiss is **GRANTED**, and Count I is **DISMISSED**. Pursuant to 28 U.S.C. § 1367(c), supplemental jurisdiction of the plaintiff's state law claims in Counts II through IV is **DECLINED**, and the plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.[2] The remaining motions to dismiss (Docs. 8, 10, and 13) are **DENIED AS MOOT**. The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on December 16, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to 28 U.S.C. § 1367(d), "The period of limitations for any claim asserted under [Section 1367(a)], and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under [Section1367(a)], shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."